UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PAUL KIMBLE, | : | |
| Plaintiff | : | |
|  | : | |
| v. | : | CIVIL NO.4:CV-05-1871 |
|  | : | |
|  | : | (Judge McClure) |
| FRANKLIN TENNIS, ET AL., | : | |
| Defendants | : | |

**<u>ORDER</u>**

April 4, 2006

**<u>Background</u>**

This pro se civil rights complaint was filed by Paul Kimble, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania. Service of the complaint was previously ordered. Presently pending is Plaintiff's motion seeking appointment of counsel (Record document no. 18).

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). <u>Tabron v. Grace</u>, 6 F.3d 147, 153

(3d Cir. 1993), cert. denied, 510 U.S. 1996 (1994).[1]  Under Tabron, a district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf.  Id. at 156, 157 n.5.  Moreover, the Tabron court held that the "... appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court sua sponte."  Id. at 156.

Finally, the Tabron court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," Id. at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments.  Id. at 157:

---

1. The Tabron court noted that "... the district court must consider as a threshold matter the merits of the plaintiff's claim."  Tabron, 6 F.3d at 155.  Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel."  Id. at 156.  "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed."  Id. at 156.

Thereafter, the United States Court of Appeals again recognized that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). It also reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue.

The present motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. See Tabron, supra, at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Kimble's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the Court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Kimble's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Plaintiff. Consequently,

**IT IS HEREBY ORDERED THAT:**

Plaintiff's motion for appointment of counsel (Record document no. 18) is denied.

        s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge