UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL KIMBLE, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO.4:CV-05-1871 |
| | : | |
| | : | (Judge McClure) |
| FRANKLIN TENNIS, ET AL., | : | |
|     Defendants | : | |

## **MEMORANDUM AND ORDER**

June 5, 2006

**Background**

This pro se civil rights action was filed by Paul Kimble ("Plaintiff"), an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"). Named as Defendants are SCI-Rockview Superintendent Franklin Tennis; Health Care Administrator Richard Ellers; Wexford Health Sources; Doctor Joseph Romeo; and Doctor John Symons. Service of the complaint was previously ordered.

Plaintiff states that he is presently serving a life sentence following his conviction for criminal homicide. He was transferred to SCI-Rockview from the State Correctional Institution, Camp Hill, Pennsylvania. On March 7, 2003,

Plaintiff underwent an open Cholecystectomy at Altoona Hospital. Upon his return to SCI-Rockview, Kimble was placed in the prison's Special Needs Block. While housed in that unit, he befriended another prisoner named Keith Hart.

His complaint alleges that there was an outbreak of a highly contagious staph infection Methicillin Resistant Staphylococcus Aureus ("MRSA") within SCI-Rockview. Plaintiff indicates that MRSA can be transmitted via saliva or blood or "passed from touching surfaces that others have touched." Record document no. 1, Addendum, ¶ 14. Kimble contends that Defendants failed to inform the general population inmates as to the spread of MRSA. They also purportedly neglected to take adequate precautions to prevent the spread of the infection. Specifically, Plaintiff maintains that Inmate Hart, despite having been diagnosed with MRSA, was allowed to return to general population with "open wounds" from the infection. Id. at ¶ 12. Kimble adds that correctional staff "made no attempt to wipe down the prison to stop the spread of this disease." Id. at ¶ 13.

As a result of the Defendants' alleged deliberate indifference, Plaintiff contracted the "deadly flesh eating disease" from Inmate Hart, while they were housed together in the Special Needs Block. Id., Complaint at ¶ IV (3). Kimble seeks injunctive relief as well as punitive and compensatory damages.

Defendants Romeo and Symons have filed a motion seeking dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted. See Record document no. 15. The motion has been briefed and is ripe for consideration.

## Discussion

### Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation

omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss Defendants Romeo and Symons' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The moving Defendants claim entitlement to an entry of dismissal on the grounds that: (1) the claims against Dr. Romeo are improperly premised on a theory of *respondeat superior*, and (2) the complaint is devoid of any facts which could support a claim that either Dr. Romeo or Dr. Symons violated the Eighth Amendment.

**Respondeat Superior**

The moving Defendants note that Doctor Romeo is described as being the Medical Director at SCI-Rockview and having authority over the prison's medical staff. They correctly add that there are no allegations that Doctor Romeo ordered Plaintiff's placement in the Special Needs Block, was aware that Inmate Hart had MRSA, knew that Hart was released to general population with open wounds, or

4

had any involvement in the making of any decision as to whether to undertake a wipe down of the prison. Consequently, they conclude that the complaint fails to allege facts which could support a supervisory liability claim. See Record document no. 16, p. 7.

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of

>    participation or actual knowledge and acquiescence, however,
>    must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

"Supervisory liability will also attach if plaintiff identifies 'a specific supervisory practice or procedure' that the defendants failed to employ which created an unreasonable risk of harm to plaintiff, for which the defendants were aware and indifferent." Bethune v. Warden, Berks County, 2005 WL 35912 * 2  (E.D. Pa. Jan. 5, 2005).

Plaintiff's opposing brief contends that Doctor Romeo treated both he and Inmate Hart.  Kimble also indicates that pursuant to institutional policy a prisoner's treating physician and the "Directing staff" must give approval before a prisoner can be released from the infirmary to general population.  Record document no. 17, p. 2.  He adds that Doctor Symons was the treating physician who authorized Inmate Hart's release to general population.

Based on this Court's review of the complaint and opposing brief filed by the Plaintiff, he has not set forth any facts which would show that Doctor Romeo had any personal involvement or acquiescence in the decision to allow Inmate Hart to be placed in general population.  Kimble's opposing brief indicates that Romeo provided treatment to both he and Hart.  However, his opposing brief clearly asserts that Doctor Symons was Hart's treating physician and was the one who

6

gave approval for that inmate's general population placement. There are also no facts alleged which would show that Doctor Romeo ratified or otherwise acquiesced in that decision.

Plaintiff also contends that Doctor Romeo failed to take necessary steps to prevent an MRSA outbreak. Although Doctor Romeo allegedly treated Inmate Hart, Kimble identifies Doctor Symons as being Hart's treating physician at the time said prisoner was placed in general population. There are no facts alleged that Doctor Romeo had knowledge of the existence of the potential for an outbreak of MRSA prior to the Plaintiff's infection and failed to take appropriate preventive measures. There are also no allegations which could support a claim that Doctor Romeo's failure to create a plan or protocol for the prevention of MRSA led to Kimble's infection. On the contrary, Plaintiff alleges that he was infected with MRSA because Doctor Symons allowed Hart to enter general population and he acknowledges that there was a protocol in place regarding the release of prisoners from the infirmary into general population.

Consequently, under the standards developed in <u>Capone</u>, the assertions raised against Doctor Romeo with respect to Hart's placement in general population and the purported failure to prevent an MRSA outbreak are insufficient for purposes of alleging personal involvement by Romeo in any constitutional

7

misconduct.   Dismissal will be entered in favor of Doctor Romeo.

### **Deliberate Indifference**

The moving Defendants argue that dismissal is appropriate because there are no facts alleged which could establish that they were deliberately indifferent to any serious medical need of the Plaintiff.  As previously noted, this Court has already concluded that Doctor Romeo is entitled to an entry of dismissal.  With respect to the remaining Defendant, Doctor Symons, Plaintiff's complaint asserts that Doctor Symons has provided him with medical treatment for different medical problems including MRSA.  However, Kimble clearly asserts that Symons was the treating physician who authorized Inmate Hart's placement in general population despite the fact that said inmate was being treated for MRSA and had open sores (which presumably made him highly contagious).

An  Eighth Amendment claim against a prison official must meet two requirements:  (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  Mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability under § 1983.  Davidson v. Cannon,

474 U.S. 344, 347-48 (1986).

Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In Beers-Capitol it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

It is noted that the Plaintiff does not assert that Doctor Symons failed to provide him with adequate medical care. Rather, the complaint contends that by approving Inmate Hart for release into general population, Doctor Symons was deliberately indifferent to a known serious health risk, namely that Hart's MRSA condition would be spread among the prison population. See Record document no. 1, ¶ IV(3); Addendum, ¶ 12. As a result of that purported deliberate indifference, Kimble became infected with MRSA.

This Court has undertaken a liberal reading of the pro se complaint and accepted the veracity of the Plaintiff's allegations as is required when considering a motion to dismiss. Based on an application of the standards announced in

9

Farmer, this Court is satisfied that a viable claim of deliberate indifference sufficient enough to withstand scrutiny under Rule 12(b)(6) has been stated against Doctor Symons. Specifically, that an inmate infected with MRSA and with open sores could constitute a serious health risk and that allowing a prisoner with said condition to be released from the infirmary and placed in general population sufficiently states a claim of deliberate indifference to withstand scrutiny under rule 12(b)(6). Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Defendants Romeo and Symons' motion to dismiss (Record document no. 15) is granted in part.
2. Dismissal is entered in favor of Doctor Romeo.
3. The motion to dismiss is denied with respect to Plaintiff's claim that Doctor Symons' deliberate indifference to a serious health risk caused him to become infected with MRSA.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge