UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL KIMBLE, :
Plaintiff :
:
v. : CIVIL NO.4:CV-05-1871
:
: (Judge McClure)
FRANKLIN TENNIS, ET AL., :
Defendants :

**MEMORANDUM**

July 9, 2007

**Background**

Paul Kimble ("Plaintiff"), an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania, initiated this *pro se* civil rights action. By Memorandum and Order dated June 6, 2006, this Court partially granted Defendants Romeo and Symons' motion to dismiss. Specifically, dismissal was entered in favor of Doctor Joseph Romeo but was denied with respect to the claim that Doctor Symon's deliberate indifference to a serious health risk caused the Plaintiff to become infected with Methicillin Resistant Staphylococcus Aureus ("MRSA").

The remaining Defendants are Wexford Health Sources and the following employees at Plaintiff's prior place of incarceration, the Rockview State

Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"): Superintendent Franklin Tennis; Health Care Administrator Richard Ellers; and Doctor John Symons. Kimble is serving a life sentence following his conviction for criminal homicide. On July 1, 2002, he was transferred to SCI-Rockview from the State Correctional Institution, Camp Hill, Pennsylvania. On March 7, 2003, Plaintiff underwent an open Cholecystectomy at Altoona Hospital. Upon his return to SCI-Rockview, Kimble states that he was placed in the prison's Special Needs Unit ("SNU"). While housed in the SNU, he allegedly befriended another prisoner named Keith Hart.

His complaint alleges that there was an outbreak of MRSA, a highly contagious staph infection within SCI-Rockview.[1] Plaintiff indicates that MRSA can be transmitted via saliva or blood or "passed from touching surfaces that others have touched." Record document no. 1, Addendum, ¶ 14. Kimble contends that the Defendants failed to inform the general population inmates as to the spread of MRSA. They also purportedly neglected to take adequate precautions to prevent the spread of the infection. Specifically, Plaintiff maintains that Inmate Hart, despite having been diagnosed with MRSA, was allowed to

---

[1] In a sworn declaration, Doctor Symons describes MRSA as "a common bacteria which is resistant to antibiotics and which can cause infections. MRSA infections frequently occur in hospital settings, correctional settings and the community." Record document no. 63, Exhibit B, ¶ 7.

return to general population with “open wounds” from the infection. Id. at ¶ 12. Kimble adds that correctional staff “made no attempt to wipe down the prison to stop the spread of this disease.” Id. at ¶ 13.

After being housed in the same cell block as Inmate Hart, Plaintiff asserts that he was diagnosed as having contracted MRSA. His complaint concludes that as a result of the Defendants’ alleged deliberate indifference, he was infected with the “deadly flesh eating disease” from Inmate Hart, while they were housed together in the SNU. Id., Complaint at ¶ IV (3). Kimble seeks injunctive relief as well as punitive and compensatory damages.

On February 26, 2007, Defendants Tennis and Ellers filed a motion claiming entitlement to entry of summary judgment. See Record document no. 55. Thereafter, Defendant Symons filed a separate motion seeking entry of summary judgment See Record document no. 59. Both motions have been briefed and are ripe for consideration.

**Discussion**

SCI-Rockview Superintendent Tennis and Health Care Administrator Ellers argue that they are entitled to entry of summary judgment because: (1) Plaintiff’s action is barred by Pennsylvania’s applicable statute of limitations; and (2) Kimble failed to exhaust his available administrative remedies; and (3) Tennis and Ellers were not personally involved in any violation of the Plaintiff’s

constitutional rights.[2]

Doctor Symons claims entitlement to entry of summary judgment on the grounds that : (1) Plaintiff has not presented any evidence establishing that he contracted MRSA from Inmate Hart after his March 7, 2003 surgery; and (2) there is no evidence that Doctor Symons acted with deliberate indifference. In a reply brief, Symons adds that based on Plaintiff's admission that he contracted MRSA in March, 2003, his complaint is time barred. See Record document no. 73, p. 2.

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the

---

[2] It is noted that Tennis and Ellers' Answer to the complaint raised the statute of limitations as an affirmative defense. See Record document no. 14, p. 9

> burden of proof. "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554. Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. Id. In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

**Statute of Limitations**

All of the moving Defendants similarly argue that Kimble's claims are barred by Pennsylvania's applicable two year statute of limitations. Defendants

Tennis and Ellers maintain that following testing performed on a nasal culture taken from Kimble, the Jersey Shore, Pennsylvania Hospital lab issued a report on January 11, 2003 stating that Plaintiff had tested positive for MRSA. Three (3) days later, on January 14, 2003, Nurse Hayes of SCI-Rockview purportedly informed the Plaintiff of his positive test result. The complaint in this action was filed on September 15, 2005. Defendant Symons notes that Kimble acknowledges that he contracted MRSA in March, 2003. The moving Defendants all conclude that since this action was not initiated within two (2) years after Plaintiff was informed that he had MRSA, it is time barred.

As previously noted, Kimble's complaint asserts that he met Inmate Hart subsequent to his March 7, 2003 surgery. He indicates that Hart had already been diagnosed with MRSA and that "at some point" he contracted MRSA from Hart because they were housed in the same cell block. See Record document no. 1, ¶ 13.

In a reply to Doctor Symon's summary judgment motion, Plaintiff states "that he was informed that he had **MRSA** in March of 2003." Record document no. 71, ¶ 5 (emphasis in original). Another opposing brief filed by the Plaintiff likewise asserts that he found out that he contracted MRSA in March, 2003. Record document no. 67, p. 2. However, Plaintiff adds he did not become aware of the Defendants' alleged deliberate indifference until he talked to other inmates

shortly before he filed his grievance on July 6, 2005.[3] See id. at p. 3. Kimble further indicates that his action should not be deemed time barred because his claims were not actionable until after he exhausted his administrative remedies. See id. at p. 15.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996). The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985). Finally, the statute of limitations "begins to run from the time when

---

[3] Kimble adds that he is not suing the Defendants because he contracted the disease, but rather because they are being deliberately indifferent towards the spread of the disease. See id. at p. 2.

the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A § 1983 claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991). It has not been asserted, nor is it apparent to this Court that the continuing pattern exception is applicable in the present case.

It is also well settled that a person may realize he has been injured but is not adequately apprised as to the cause of his injury. See McGowan v. University of Scranton, 759 F.2d 287 (3d Cir. 1985). In Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380 (3d Cir. 1993), the Third Circuit Court of Appeals recognized two doctrines, equitable tolling and the discovery rule, which may extend the statute of limitations.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims. Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003). The discovery rule is

a judicially created principle which tolls the statue of limitations in cases where a reasonable person in the plaintiff's shoes lacks the critical facts to put him on notice that he needs to investigate.

However, it has been recognized that the limitations period in a § 1983 action will begin to run even if the Plaintiff does not know all the facts necessary for his claim, all that is required is that the plaintiff have sufficient notice to place him on alert of the need to begin investigating. Gordon v. Lowell, 95 F. Supp.2d 264, 272 (E.D. Pa. 2000). Under Gordon a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Id.

It is initially noted that the Plaintiff's complaint is dated September 12, 2005. Under the standards announced in Houston v. Lack, 487 U.S. 266 (1988), the complaint will be deemed filed as of that date. Second, there are clearly material facts in dispute with respect to Defendants Tennis and Eller's contention that Plaintiff was diagnosed and informed that he had MRSA in January, 2003. Of particular note is the Plaintiff's observation that hospital records from his stay at the Altoona Hospital in March, 2003 contain no mention that he had been previously diagnosed with MRSA. However, all parties acknowledge that Plaintiff was aware that he had MRSA in March, 2003.

Kimble argues that he did not become aware of the Defendants' alleged deliberate indifference until shortly before he initiated an administrative grievance

on July 6, 2005. Plaintiff states that the Defendants "are being sued for being deliberately indifferent toward the spread of this disease. Record document no. 67, p. 15. He adds that he "became aware of the fact that this disease was still being spread through-out the prison when he started talking to other inmates shortly before this plaintiff filed his grievance July 6th, 2005." Id. Kimble additionally argues that the limitations period did not begin to run until after final resolution of his administrative grievance.

Kimble is apparently asserting that this action is not seeking relief based upon his 2003 contraction of MRSA but rather to protect the interests of his fellow prisoners due to the Defendants' purported 2005 failure to prevent the spread of said disease. The Plaintiff's reasoning is flawed. Numerous federal courts have recognized that a *pro se* litigant such as Kimble lacks the capacity to represent the interests of his fellow inmates in a class action. Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J. 1992). It is plain error to permit a *pro se* inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06- 809, 2007 WL 433340 *2 (D.Col. Feb. 1, 2007). However, the *pro se* litigant may "continue individually to pursue his claims." Id. Accordingly, Plaintiff may only pursue a claim that the Defendants' alleged deliberate indifference was the cause of his own MRSA affliction.

This Court is satisfied that based upon an application of the standards

announced in Gordon and Campbell to the undisputed fact that Plaintiff was aware that he had MRSA as of March, 2003, Kimble was sufficiently placed on notice as of that date of the need to investigate his deliberate indifference claim. It is equally apparent that Plaintiff has not established any basis for equitable tolling of the limitations period. Once he was diagnosed as having contracted MRSA, the Plaintiff was provided with the critical facts needed to put him on notice to begin investigating. Accordingly, since Kimble did not file his present action until September 12, 2005, in excess of two years after he was admittedly made aware of his MRSA diagnosis, his complaint is barred by Pennsylvania's applicable statute of limitations. The respective motions for summary judgment will be granted.[4] An appropriate Order will enter.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

[4] Based upon the Court's determination, dismissal in favor of Defendant Wexford Health Sources is likewise appropriate.

| | | |
|---|---|---|
| PAUL KIMBLE,<br>Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO.4:CV-05-1871 |
| | : | |
| | : | (Judge McClure) |
| FRANKLIN TENNIS, ET AL.,<br>Defendants | : | |

**ORDER**

July 9, 2007

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendants Symons' motion for summary judgment (Record document no. 59) is GRANTED.
2. Defendants Tennis and Ellers' motion for summary judgment (Record document no. 55) is GRANTED.
3. The complaint is dismissed as against defendant Wexford Health Sources.
4. The Clerk of Court is directed to CLOSE the case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge